■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL NATALE, Appellant.— Appeal by defendant from two judgments of the Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered October 7, 1960 after a trial on two informations jointly, convicting him on one information of assault in the third degree and carrying a dangerous weapon (a flashlight), and convicting him on the other information of assault in the third degree; and sentencing him on each conviction to serve a term of 30 days in the workhouse, such terms to be served concurrently. Judgments affirmed. No opinion. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM C. O'BRIEN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings County, dated July 5, 1961, which denied, without a hearing, his application to vacate a judgment of said court rendered October 14, 1942, on his plea of guilty, convicting him of attempted robbery in the first degree, armed, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ EDGERLEY SCHMICK et al., Individually, as Members of the Tomahawk Lake Association, Inc., and on behalf of All Other Members Similarly Situated, Appellants, v. TOMAHAWK LAKE ASSOCIATION, INC., Respondent, and MORRIS H. WHITCOMB et al., Intervenors-Respondents.— In an action to declare that the right to vote at meetings of the defendant membership corporation is limited to members who, in certain development, own real property which is subject to a certain Declaration of Restrictions No. 1; to declare that certain "guest members," upon the payment of specified amounts of money are entitled only to the use and benefit of such facilities of the corporation as its board of directors may offer, and to enjoin the corporation and its officials from permitting persons to vote at elections or meetings of the corporation who are not owners of such property which is subject to the said declaration, plaintiffs appeal from the following two orders of the Supreme Court, Orange County, dated November 29, 1961: (1) an order which granted the motion made by 18 of such "guest members" (the named intervenors-respondents on this appeal) for leave to intervene in the action as defendants; and (2) an order which denied their (plaintiffs') motion for an injunction *pendente lite* to restrain the corporation and its members, officers and directors from repealing certain existing provisions of the corporation's by-laws dealing with the subject of membership, the right to vote, and the privileges of guest members. Orders affirmed, with one bill of $10 costs and disbursements. Our affirmance of the order granting the motion for leave to intervene is based on paragragh (b) of subdivision 1 of section 193-b of the Civil Practice Act. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.